NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0241n.06
CASE NO. 15-5632

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 06, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE MIDDLE** |
| CHARLES EUGENE FRANKLIN, | ) | **DISTRICT OF TENNESSEE** |
| | ) | |
| *Defendant-Appellant*. | ) | |
| | ) | |

Before: MERRITT, BATCHELDER, and GILMAN, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Charles Franklin entered a guilty plea to the crimes of felon in possession of a firearm and possession with intent to distribute cocaine base, but reserved the right to appeal the district court's denial of his motion to suppress evidence. He now appeals the denial of that motion, and we AFFIRM.

**I.**

When a joint task force of Federal ATF agents and local Murfreesboro (Tenn.) Police Department (MPD) officers began to investigate Charles Franklin as a suspected drug dealer, they recruited a confidential informant (CI) named "Snowie," who made five "controlled buys" of cocaine from Franklin during August-September 2013 at two locations in Murfreesboro: 207 West Lokey Street and 529 North Academy Street. Another CI, one "Speedy Mouse," also reported having bought drugs from Franklin at the same two addresses. Then, on September 30, 2013, a police traffic stop of a person leaving 207 West Lokey resulted in the discovery of a large amount of cocaine, which the driver reported was purchased from Franklin.

On October 3, 2013, MPD Det. Sam Day authored affidavits for two search warrants: one for 207 West Lokey and one for 529 North Academy. Other than the addresses, the two affidavits were virtually identical, spelling out Day's experience, qualifications, and knowledge, and the factual basis for a finding of probable cause, including Snowie's five controlled buys, Speedy Mouse's statements, and the results of the traffic stop. Because the task force intended to execute the warrants simultaneously, with Det. Day leading the search of 207 West Lokey and MPD Det. Chris Gann leading the search of 529 North Academy, both officers appeared before Rutherford County (Tenn.) Circuit Court Judge Keith Siskin to present the affidavits and request the warrants. When Det. Day explained the plan, Judge Siskin placed both Day and Gann under oath before proceeding. Det. Day signed the affidavit for 207 West Lokey and Judge Siskin signed the search warrant for that address, which identified Day as the sole affiant.

But for 529 North Academy, Judge Siskin decided to add Det. Gann's name to the top of the search warrant application and instructed Gann to sign the accompanying affidavit (prepared by Det. Day), because Gann would be leading the search at 529 North Academy. Judge Siskin knew that Det. Day had written both search warrant affidavits, though Det. Gann attested that he had proofread the affidavit and believed that all the information contained in the affidavit was true to the best of his knowledge. As a result, Judge Siskin signed the warrant authorizing the search of 529 North Academy, which identified two affiants (Day and Gann).

When the officers executed the warrants on October 3, 2013, they recovered from 207 West Lokey 1.82 ounces of crack cocaine, bundles of cash totaling $5,797, and a set of digital scales. From 529 North Academy, they recovered 5.97 ounces of cocaine; a loaded Glock .357 caliber pistol stamped with "Tennessee State Trooper," which had been reported stolen from a marked police car; and two digital scales. The federal prosecutor then charged Franklin

2

in a seven-count federal indictment. Franklin moved to suppress the evidence seized from the searches on several bases, three (3) of which he presses on appeal, challenging:

> (1) the sufficiency or propriety of the search warrant affidavits, due to Det. Gann's signing the affidavit prepared by and referring to Det. Day;
>
> (2) the reliance on confidential informants for probable cause; and
>
> (3) the alleged noncompliance with Federal Rule of Criminal Procedure 41.

In denying the motion to suppress, the district court addressed each of these three issues:

> [1]    [Regarding] the search warrant as it relates to North Academy Street[,] . . . the bottom line is that the judicial officer was not misled. In fact, he directed the affiant to sign the document and then indicated on the search warrant that affidavits had been made by both [Det.] Day and [Det.] Gann as the affiant of the affidavit attached to the search warrant.
>
> . . .
>
> [2]    The next issue . . . is the probable cause issue[, specifically that] [t]he reliability of the confidential informant has been called into question. Based on th[e] number of controlled buys and the repeated nature of those, the [c]ourt is finding that any deficiency about the reliability and histories of the confidential informant is outweighed by the multiple controlled buys which evidence the specific conduct of the defendant and specifically controlled by the officers to keep track of the confidential informant. So any deficiency in the affidavit regarding reliability history is outweighed by those facts.
>
> . . .
>
> [3]    As for the [Federal Rule of Criminal Procedure] Rule 41 issue, . . . [subsection] (d)(2)(A) says, [w]hen a federal law enforcement officer or an attorney for the government presents an affidavit in support of a warrant, the judge may require the affiant to personally appear and may examine under oath the affiant.
>
> Here it wasn't presented to [a] federal judge, but assuming that this [Federal Rule 41] applies, it is permissive by the use of may. And I might add, Subsection (B) allows for dispensing with the written affidavit.
>
> Subsection (d) turns on reasonable availability of a judge on [] the text of it, but in this particular case it was a joint investigation. The officers simply exercised their discretion to ask for a state search warrant. And then when they found what they found, decided it was serious enough to bring the case to federal court. There is no prohibition on that. And the [c]ourt finds no fault with it.

R. 75 at 81-85, PgID# 452-56 (hearing transcript).

Franklin entered a guilty plea, reserving the right to appeal the denial of his motion to suppress. The court accepted the plea, convicted and sentenced him, and he now appeals.

## II.

On an appeal from a motion to suppress, "we review factual findings for clear error and review legal determinations *de novo*." *United States v. Smith*, 386 F.3d 753, 757-58 (6th Cir. 2004). We view the evidence "in the light most favorable to the government . . . [and] overturn the district court's factual findings[] only if we have the definite and firm conviction that a mistake has been committed." *Id*. at 758 (quotation marks and citation omitted). We affirm if the decision "can be justified for any reason supported by the record, including reasons not considered by the district court." *United States v. Sain*, 421 F. App'x 591, 593 (6th Cir. 2011).

We note that Franklin bases his arguments on the premise that Federal Rule of Criminal Procedure 41(d) ("Obtaining a Warrant") applies here, even though this was not a federal warrant, but was a warrant obtained from a Tennessee state court judge by the MPD officers. The district court assumed without deciding that Rule 41 could apply, and we can do likewise because the application of Rule 41 does not change the outcome based on these facts.

## A.

Franklin's first argument is that Rule 41(d) requires that the affiant must sign the warrant-application affidavit and that "[t]he unorthodox procedure in having a surrogate sign as an affiant and swear to things that he did not do, etc., resulted in misleading statements," Apt. Br. at 5, thus rendering the affidavit insufficient and the resulting warrant invalid. Both parts of this argument are unsupportable. First, as the district court noted, Rule 41(d) is permissive, not mandatory:

> **Requesting a Warrant in the Presence of a Judge.**
>
> **(A) Warrant on an Affidavit.** When a federal law enforcement officer or an attorney for the government presents an affidavit in support of a warrant, the judge may require the affiant to appear personally and may examine under oath the affiant and any witness the affiant produces.

4

> **(B) Warrant on Sworn Testimony.** The judge *may* wholly or partially dispense with a written affidavit and base a warrant on sworn testimony if doing so is reasonable under the circumstances.

Fed. R. Crim. P. 41(d)(2) (emphasis added). That is, Rule 41 does not require that the warrant request or supporting evidence be written and signed by the authoring officer.

Moreover, Det. Gann's signing off on Det. Day's assertions (as Franklin says, "swearing to things he did not do") did not mislead the judge about the basis for the request or the reliability of the affidavit. The information contained in the affidavit that Gann signed was virtually identical to that in the affidavit that Day signed. The judge was aware that Day had authored the "Gann" affidavit and had intended to sign it. Day and Gann were both present and under oath, and it was the judge who instructed Gann to sign, despite the fact that Day had actually authored it. The district court was correct that, while this might have been sloppy, it was not constitutionally defective.

## B.

Franklin argues that the warrant request was insufficient because the affidavits "contain no facts supporting the reliability of the confidential informants[,] . . . past reliability of informant information[,] . . . corroborat[ing] informant information, including surveillance[, or any] statement that the 'controlled buys' had been captured on audio tape." Apt. Br. at 5.

While that is certainly the type of information that is often useful in establishing the reliability of a confidential informant, it is not strictly necessary. *See United States v. Thomas*, 605 F.3d 300, 309 (6th Cir. 2010) ("The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added."). The affidavits here contained Det. Day's first-hand account of the five controlled buys of cocaine from Franklin at the addresses listed. Together with the corroborating facts discussed above, that is enough to support a finding of probable cause for the warrants.

**III.**

For the foregoing reasons, we AFFIRM the judgment of the district court.